IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DANNY L. HUFFMAN,

        Plaintiff,

v.                                          Civil Action No. 3:21cv423

OFFICER BROOKS, *et al.*,

        Defendants.

### MEMORANDUM OPINION

Danny L. Huffman, a Virginia inmate proceeding *pro se* and *in forma pauperis* filed this civil rights action. The matter is before the Court on Huffman's failure to serve Defendants within the time required by Federal Rule of Civil Procedure 4(m).[1] Pursuant to Federal Rule of Civil Procedure 4(m), Huffman had ninety days from the filing of the complaint to serve Defendants. Here, that period commenced on October 6, 2022.[2] By Memorandum Order entered on January 31, 2023, the Court directed Huffman, within thirty (30) days from the date of entry thereof, to show good cause for his failure to timely serve Defendants. Huffman has not responded to January 31, 2023 Memorandum Order.

---

[1] Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).

[2] The Court considers the complaint "filed" on the date it concludes statutory screening under the Prison Litigation Reform Act. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).

Because Huffman fails to demonstrate good cause for his failure to serve Defendants, the

action will be DISMISSED WITHOUT PREJUDICE.

An appropriate Final Order shall issue.

/s/

M. Hannah Lauck
United States District Judge

Date: 4-19-2023
Richmond, Virginia

2